**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SEKERKE, | 1:11-cv-01310-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Doc. 3.) |
| S. SEISHA, et al., | |
| Defendants. | |

**I.    BACKGROUND**

Keith Sekerke ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 8, 2011, against defendants for inadequate medical care in violation of the Eighth Amendment. (Doc. 1.) On August 19, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have appeared in this action. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 8, 2011, Plaintiff filed a motion for preliminary injunctive relief, which is now before the Court. (Doc. 3.)

///

**II.     MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order requiring defendants Harold Tate, S. Seisha, and the Chief Medical Officer of the California Correctional Institution to provide him with medical treatments, medications, and surgery.

At this stage of the proceedings, the Court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. None of the defendants has been served or appeared in this action, and "a federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). With respect to service, the Court will, *sua sponte*, direct the United States Marshal to serve the complaint only after

the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order requiring them to act. Therefore, Plaintiff's motion must be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on August 8, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **February 6, 2012**               **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE