# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SEKERKE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S. SEISHA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | 1:11-cv-01310-GSA-PC<br><br>ORDER DENYING MOTION TO FILE SUPPLEMENTAL COMPLAINTS<br>(Doc. 9.)<br><br>ORDER DIRECTING THE CLERK TO:<br><br>(1) RETURN LODGED SUPPLEMENTAL COMPLAINTS TO PLAINTIFF (Docs. 10, 11.)<br><br>(2) SEND PLAINTIFF A COPY OF HIS ORIGINAL COMPLAINT (Doc. 1.)<br><br>(3) SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS, IF HE SO WISHES |

　　Keith Sekerke ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 8, 2011, Plaintiff filed the Complaint commencing this action. (Doc. 1.) On August 19, 2011, Plaintiff consented to Magistrate Judge jurisdiction, and no other parties have appeared. (Doc. 6.)

　　On February 12, 2010, Plaintiff filed a motion for leave to file two supplemental complaints (Doc. 9) and lodged two proposed supplemental complaints (Docs. 10, 11). Plaintiff's motion is now before the Court.

1

## II. SUMMARY OF ORIGINAL COMPLAINT

Plaintiff is a California state prisoner presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue occurred at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California, and the California Correctional Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated at those facilities. Plaintiff names as defendants Harold Tate (M.D. at CCI), S. Seisha (M.D. at CCI), John Doe I (Chief Medical Officer at CCI), John Doe II (Federal Receiver), Jodie River (Appeals Coordinator at RJD), J. Cook (Doctor at RJD), Newton (M.D. at RJD), Mary Ann Glynn (Health Care Chief Executive Officer at RJD), Liz Romero (Chief Medical Officer at RJD), and unnamed Jane Does (R.N.s at RJD and CCI).

Plaintiff alleges as follows. Since November 15, 2010, Plaintiff has requested surgery to remove a foreign body left inside him during brain surgery. He has been prescribed several pain medications since that date, but since his arrival at CCI, defendants Dr. Tate and Dr. Seisha have discontinued the medications and denied Plaintiff an MRI and surgery to remove the foreign body.

On November 15, 2010, Nurse Practitioner Pasha at RJD prescribed medications and ordered diagnostic tests and surgery to remove the foreign body. On January 1, 2011, Plaintiff was admitted to Alvarado Hospital Emergency with complaints of abdominal pain from the foreign body. From January 3, 2011 through May 25, 2011, Dr. M. Martinez ordered medications, a CT Scan, and surgery, to remove the foreign body and treat Plaintiff for severe pain. However, all defendants at RJD delayed Plaintiff's access to surgery and failed to carry out orders and recommendations to remove the foreign body. All defendants at CCI intentionally interfered with treatment once prescribed, failed to act on medical orders and recommendations for surgery and specialized care, and ignored Plaintiff's requests for treatment. Plaintiff has suffered chronic and substantial pain, seizures, migraine headaches, neck pain, and abdominal pain.

Plaintiff brings claims for inadequate medical care in violation of the Eighth Amendment, and state tort claims for medical malpractice. Plaintiff requests monetary damages and declaratory and injunctive relief.

///

///

### III. AMENDED AND SUPPLEMENTAL COMPLAINTS – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). As a general rule, an amended complaint supersedes the original complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and once an amended complaint is filed, the original complaint no longer serves any function in the case.

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may only file a supplemental complaint with leave of court. Id. When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

### IV. PLAINTIFF'S MOTION

Plaintiff requests leave to file two supplemental complaints entitled "Supplemental Complaint A" and "Supplemental Complaint B," which he has submitted to the Court for review. Plaintiff requests the Court to "join complaints and file supplemental complaints," asserting that he is "unsure if the court has joined two complaints filed under said case number, because [his] records show only one case on the docket sheet with a jury demand of NONE." (Motion, Doc. 9 at 1:18-23.) Plaintiff states that he believes Supplemental Complaint A "to be the original Complaint, but the civil docket sheet does not reflect the jury demand so plaintiff believes this to be added or joined in Supplemental Complaint A." (Id. at 9:25-28.) Plaintiff seeks to withdraw some of the existing

defendants, add new defendants, re-allege all the facts in the original complaint, and add additional facts, exhibits and allegations. Plaintiff seeks to bring allegations that he continues to be subjected to cruel and unusual punishment, severe pain, seizures, denial of surgery and medications, and denial of prescribed medical care. Plaintiff asserts that all of the facts, allegations, and exhibits within the supplemental complaints arise from the same issues as the original Complaint.

**Discussion**

Plaintiff's two supplemental complaints are complete within themselves, each consisting of a form complaint with exhibits. Supplemental Complaint A is nearly identical to Plaintiff's original Complaint filed on August 8, 2011, with some variation to the exhibits. Plaintiff has also re-submitted an application to proceed in forma pauperis and motion for TRO and preliminary injunction which are largely the same as those which Plaintiff filed on August 8, 2011. Supplemental Complaint B recites allegations of inadequate medical care, some which arose after the original Complaint was filed. Plaintiff complains of ongoing deliberate indifference to his medical needs with regard to constant pain since his brain surgery in 2008, cracked and bleeding lips, blood disease, skin disease, and a throat abscess.

Allowing Plaintiff to file two supplemental complaints at this juncture would not serve the interests of judicial economy, because this case would then be based on three separate complaints against a variety of defendants, with overlapping allegations and claims and assorted exhibits filed on different dates on the court docket. The parties and the court would be obliged to consider three statements of facts, three statements of claims, and three requests for relief in one action. Proceeding on three complaints would complicate service of process, cause confusion, and prejudice defendants. While the court finds no evidence of bad faith, delay, or lack of diligence on Plaintiff's part, the court also finds no compelling reason to allow Plaintiff to include events in this action which occurred after the date the case was filed. Plaintiff's claims in the original Complaint are based on allegations that Plaintiff has suffered from constant pain and seizures since 2008 after "botched brain surgery," and defendants have refused him additional surgery, diagnostic tests, and medication. It would be futile for Plaintiff to supplement the Complaint to allege that defendants *continue* to deny him surgery, diagnostic tests, and medications, and that he *continues* to suffer pain and seizures as

1  a result. In such a case, supplementation of the Complaint would be a never-ending process.
2  Therefore, Plaintiff's motion to file supplemental complaints shall be denied, and the Clerk shall be
3  directed to return the proposed supplemental complaints and accompanying documents to Plaintiff.

4        As discussed above, Plaintiff has leave to file an amended complaint once as a matter of
5  course, as no responsive pleading has been served in this action. Fed. R. Civ. P. 15(a). Therefore,
6  Plaintiff shall be granted thirty days in which to file a First Amended Complaint, if he so wishes.
7  As it appears that Plaintiff is unsure about the nature of the Complaint presently filed in his case, the
8  Clerk shall be directed to send Plaintiff a copy of the original Complaint filed on August 8, 2011.
9  Plaintiff should not be concerned if the court's docket for this case does not reflect a demand for jury
10 trial. Plaintiff is nonetheless entitled to a jury trial in this action if the case proceeds to trial.

11       Should plaintiff choose to amend the complaint, plaintiff must demonstrate in the amended
12 complaint how the conditions complained of resulted in a deprivation of his constitutional rights.
13 See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter
14 . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)
15 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007));
16 Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct
17 falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.
18 Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his
19 rights. Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

20       To state a claim for inadequate medical care under the Eighth Amendment, plaintiff must
21 establish the existence of a serious medical need and show that prison officials responded to the
22 serious medical need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).
23 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.
24 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the
25 inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also
26 draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should
27 have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,
28 no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,

1188 (9th Cir. 2002)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of filing new, unrelated claims or adding new defendants relating to issues arising after August 8, 2011.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on August 8, 2011.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The First Amended Complaint, if any, should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**V.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file supplemental complaints, filed on February 10, 2012, is DENIED;

///

///

6

2. The Clerk of Court is DIRECTED to:

    (1) return to Plaintiff the two supplemental complaints and accompanying documents lodged on February 10, 2012 (Docs. 10, 11);

    (2) send to Plaintiff a copy of his original Complaint filed on August 8, 2011 (Doc. 1); and

    (3) send to Plaintiff a civil rights complaint form.

3. Plaintiff is granted thirty days in which to file an amended complaint, if he so wishes;

4. Plaintiff shall caption the amended complaint, if any, "First Amended Complaint" and refer to the case number 1:11-cv-01310-GSA-PC.

IT IS SO ORDERED.

Dated:   **April 9, 2012**     /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE