1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 EASTERN DISTRICT OF CALIFORNIA

8

9 KEITH SEKERKE,                              1:11-cv-01310-GSA-PC

10                                            ORDER DENYING MOTION TO FILE
                            Plaintiff,        SUPPLEMENTAL COMPLAINTS
11                                            (Doc. 9.)
            v.
12                                            ORDER DIRECTING THE CLERK TO:

13 S. SEISHA, et al.,                         (1)    RETURN LODGED SUPPLEMENTAL
                                                     COMPLAINTS TO PLAINTIFF
14                                                   (Docs. 10, 11.)

15                                            (2)    SEND PLAINTIFF A COPY OF HIS
                            Defendants.              ORIGINAL COMPLAINT
16                                                   (Doc. 1.)

17                                            (3)    SEND PLAINTIFF A CIVIL RIGHTS
                                                     COMPLAINT FORM
18
                                              ORDER GRANTING PLAINTIFF LEAVE TO
19                                            FILE AN AMENDED COMPLAINT WITHIN
                                              THIRTY DAYS, IF HE SO WISHES
20

21 _____/

22      Keith Sekerke ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

23 civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 8, 2011, Plaintiff filed the

24 Complaint commencing this action. (Doc. 1.) On August 19, 2011, Plaintiff consented to Magistrate

25 Judge jurisdiction, and no other parties have appeared.  (Doc. 6.)

26      On February 12, 2010, Plaintiff filed a motion for leave to file two supplemental complaints

27 (Doc. 9) and lodged two proposed supplemental complaints (Docs. 10, 11).  Plaintiff's motion is

28 now before the Court.

1

1    **II.    SUMMARY OF ORIGINAL COMPLAINT**

2          Plaintiff is a California state prisoner presently incarcerated at Kern Valley State Prison in

3    Delano, California.  The events at issue occurred at the R. J. Donovan Correctional Facility ("RJD")

4    in San Diego, California, and the California Correctional Institution ("CCI") in Tehachapi,

5    California, when Plaintiff was incarcerated at those facilities.  Plaintiff names as defendants Harold

6    Tate (M.D. at CCI), S. Seisha (M.D. at CCI), John Doe I (Chief Medical Officer at CCI), John Doe

7    II (Federal Receiver), Jodie River (Appeals Coordinator at RJD), J. Cook (Doctor at RJD), Newton

8    (M.D. at RJD), Mary Ann Glynn (Health Care Chief Executive Officer at RJD), Liz Romero (Chief

9    Medical Officer at RJD), and unnamed Jane Does (R.N.s at RJD and CCI).

10          Plaintiff alleges as follows.  Since November 15, 2010, Plaintiff has requested surgery to

11    remove a foreign body left inside him during brain surgery.  He has been prescribed several pain

12    medications since that date, but since his arrival at CCI, defendants Dr. Tate and Dr. Seisha have

13    discontinued the medications and denied Plaintiff an MRI and surgery to remove the foreign body.

14          On November 15, 2010, Nurse Practitioner Pasha at RJD prescribed medications and ordered

15    diagnostic tests and surgery to remove the foreign body.  On January 1, 2011, Plaintiff was admitted

16    to Alvarado Hospital Emergency with complaints of abdominal pain from the foreign body.  From

17    January 3, 2011 through May 25, 2011, Dr. M. Martinez ordered medications, a CT Scan, and

18    surgery, to remove the foreign body and treat Plaintiff for severe pain.  However, all defendants at

19    RJD delayed Plaintiff's access to surgery and failed to carry out orders and recommendations to

20    remove the foreign body.  All defendants at CCI intentionally interfered with treatment once

21    prescribed, failed to act on medical orders and recommendations for surgery and specialized care,

22    and ignored Plaintiff's requests for treatment. Plaintiff has suffered chronic and substantial pain,

23    seizures, migraine headaches, neck pain, and abdominal pain.

24          Plaintiff brings claims for inadequate medical care in violation of the Eighth Amendment,

25    and state tort claims for medical malpractice.  Plaintiff requests monetary damages and declaratory

26    and injunctive relief.

27    ///

28    ///

1    **III.    AMENDED AND SUPPLEMENTAL COMPLAINTS – RULE 15**

2           Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

3    pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise,

4    a party may amend only by leave of the court or by written consent of the adverse party, and leave

5    shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  As a general rule, an amended

6    complaint supersedes the original complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.  1967),

7    and once an amended complaint is filed, the original complaint no longer serves any function in the

8    case.

9           Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental

10   pleading setting out any transaction, occurrence, or event that happened after the date of the pleading

11   to be supplemented."  Fed. R. Civ. P. 15(d).  A party may only file a supplemental complaint with

12   leave of court.  Id.  When considering whether to allow a supplemental complaint, the Court

13   considers factors such as whether allowing supplementation would serve the interests of judicial

14   economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant;

15   whether amendment would impose undue prejudice upon the opposing party; and whether

16   amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States

17   Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d

18   467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v.

19   Neely, 130 F.3d 400 (9th Cir. 1997)).

20   **IV.    PLAINTIFF'S MOTION**

21          Plaintiff requests leave to file two supplemental complaints entitled "Supplemental

22   Complaint A" and "Supplemental Complaint B," which he has submitted to the Court for review.

23   Plaintiff requests the Court to "join complaints and file supplemental complaints," asserting that he

24   is "unsure if the court has joined two complaints filed under said case number, because [his] records

25   show only one case on the docket sheet with a jury demand of NONE." (Motion, Doc. 9 at 1:18-23.)

26   Plaintiff states that he believes Supplemental Complaint A "to be the original Complaint, but the

27   civil docket sheet does not reflect the jury demand so plaintiff believes this to be added or joined in

28   Supplemental Complaint A." (Id. at 9:25-28.)  Plaintiff seeks to withdraw some of the existing

1   defendants, add new defendants, re-allege all the facts in the original complaint, and add additional

2   facts, exhibits and allegations.  Plaintiff seeks to bring allegations that he continues to be subjected

3   to cruel and unusual punishment, severe pain, seizures, denial of surgery and medications, and denial

4   of prescribed medical care.  Plaintiff asserts that all of the facts, allegations, and exhibits within the

5   supplemental complaints arise from the same issues as the original Complaint.

6          **Discussion**

7          Plaintiff's two supplemental complaints are complete within themselves, each consisting of

8   a form complaint with exhibits.  Supplemental Complaint A is nearly identical to Plaintiff's original

9   Complaint filed on August 8, 2011, with some variation to the exhibits.  Plaintiff has also re-

10  submitted an application to proceed in forma pauperis and motion for TRO and preliminary

11  injunction which are largely the same as those which Plaintiff filed on August 8, 2011.

12  Supplemental Complaint B recites allegations of inadequate medical care, some which arose after

13  the original Complaint was filed.  Plaintiff complains of ongoing deliberate indifference to his

14  medical needs with regard to constant pain since his brain surgery in 2008, cracked and bleeding lips,

15  blood disease, skin disease, and a throat abscess.

16          Allowing Plaintiff to file two supplemental complaints at this juncture would not serve the

17  interests of judicial economy, because this case would then be based on three separate complaints

18  against a variety of defendants, with overlapping allegations and claims and assorted exhibits filed

19  on different dates on the court docket.  The parties and the court would be obliged to consider three

20  statements of facts, three statements of claims, and three requests for relief in one action.  Proceeding

21  on three complaints would complicate service of process, cause confusion, and prejudice defendants.

22   While the court finds no evidence of bad faith, delay, or lack of diligence on Plaintiff's part, the

23  court also finds no compelling reason to allow Plaintiff to include events in this action which

24  occurred after the date the case was filed.  Plaintiff's claims in the original Complaint are based on

25  allegations that Plaintiff has suffered from constant pain and seizures since 2008 after "botched brain

26  surgery," and defendants have refused him additional surgery, diagnostic tests, and medication.  It

27  would be futile for Plaintiff to supplement the Complaint to allege that defendants *continue* to deny

28  him surgery, diagnostic tests, and medications, and that he *continues* to suffer pain and seizures as

1    a result.  In such a case, supplementation of the Complaint would be a never-ending process.

2    Therefore, Plaintiff's motion to file supplemental complaints shall be denied, and the Clerk shall be

3    directed to return the proposed supplemental complaints and accompanying documents to Plaintiff.

4        As discussed above, Plaintiff has leave to file an amended complaint once as a matter of

5    course, as no responsive pleading has been served in this action.  Fed. R. Civ. P. 15(a).  Therefore,

6    Plaintiff shall be granted thirty days in which to file a First Amended Complaint, if he so wishes.

7    As it appears that Plaintiff is unsure about the nature of the Complaint presently filed in his case, the

8    Clerk shall be directed to send Plaintiff a copy of the original Complaint filed on August 8, 2011.

9    Plaintiff should not be concerned if the court's docket for this case does not reflect a demand for jury

10   trial.  Plaintiff is nonetheless entitled to a jury trial in this action if the case proceeds to trial.

11       Should plaintiff choose to amend the complaint, plaintiff must demonstrate in the amended

12   complaint how the conditions complained of resulted in a deprivation of his constitutional rights.

13   See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must set forth "sufficient factual matter

14   . . . to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)

15   (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007));

16   Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct

17   falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

18   Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his

19   rights.  Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

20       To state a claim for inadequate medical care under the Eighth Amendment, plaintiff must

21   establish the existence of a serious medical need and show that prison officials responded to the

22   serious medical need with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

23   "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.

24   2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the

25   inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also

26   draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should

27   have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,

28   no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,

1   1188 (9th Cir. 2002)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay

2   must have led to further harm in order for the prisoner to make a claim of deliberate  indifference

3   to serious medical needs.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing Shapely

4   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

5         Plaintiff should note that although he has been given the opportunity to amend, it is not for

6   the purposes of filing new, unrelated claims or adding new defendants relating to issues arising after

7   August 8, 2011.  In addition, Plaintiff should take care to include only those claims that have been

8   exhausted prior to the initiation of this suit on August 8, 2011.

9         With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ.

10  P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The

11  Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to

12  confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action

13  reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary

14  judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

15        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be

16  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

17  supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an

18  amended complaint is filed, the original complaint no longer serves any function in the case.

19  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

20  of each defendant must be sufficiently alleged.  The First Amended Complaint, if any, should be

21  clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be

22  an original signed under penalty of perjury.

23  **V.    CONCLUSION**

24        Based on the foregoing, IT IS HEREBY ORDERED that:

25        1.    Plaintiff's motion to file supplemental complaints, filed on February 10, 2012, is

26              DENIED;

27  ///

28  ///

6

1    2.    The Clerk of Court is DIRECTED to:

2          (1)    return to Plaintiff the two supplemental complaints and accompanying

3                 documents lodged on February 10, 2012 (Docs. 10, 11);

4          (2)    send to Plaintiff a copy of his original Complaint filed on August 8, 2011

5                 (Doc. 1); and

6          (3)    send to Plaintiff a civil rights complaint form.

7    3.    Plaintiff is granted thirty days in which to file an amended complaint, if he so wishes;

8    4.    Plaintiff shall caption the amended complaint, if any, "First Amended Complaint"

9          and refer to the case number 1:11-cv-01310-GSA-PC.

10

11   IT IS SO ORDERED.

12   **Dated:    April 9, 2012            /s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28